**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1775-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSH THATER, a/k/a JOSUE
VIORATO,

    Defendant-Appellant.

_____

Submitted May 14, 2025 – Decided July 31, 2025

Before Judges Paganelli and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 22-08-1056.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Daniel Rockoff, Assistant Deputy Public Defender, of counsel and on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Josh Thater, appeals from the trial court's order of November 2, 2023, affirming the prosecutor's denial of defendant's admission into the Pre-trial Intervention Program (PTI).[1] Defendant requests that we either remand "for a fresh look," or "admit him into PTI." Because we are satisfied the prosecutor did not abuse its discretion in denying PTI, we affirm the trial court's order.

The factual allegations are not in dispute. Therefore, we recite the facts from the trial court's opinion:

> On November 16, 2021, at approximately 11:26 a.m., Kearny police received a report over dispatch that a gray 2021 Honda Pilot was reported stolen . . . in Kearny, New Jersey. Officers thereafter located an idling car that matched the vehicle description. A search of the vehicle['s] plate[] number confirmed that it was the reported stolen vehicle. Based on this information, officers approached the vehicle and asked the driver to exit the vehicle. The driver then ignored repeated like requests by the officers. The driver instead fled the scene in the vehicle at a high rate of speed.
>
> Officers initially engaged in a vehicular pursuit, but the stolen vehicle nearly collided with other vehicles, failed to stop at stop signs, failed to stop at red lights, and at times travelled in the wrong direction. The pursuit occurred through an area populated with restaurants, businesses, and schools, including the Alphabetland Pre-School. The officers disengaged from pursuit of the stolen vehicle due to their concern for public safety. However, the officers were able to

---

[1] See N.J.S.A. 2C:43-12; R. 3:28-1 to -10.

A-1775-23

identify the driver of the vehicle as [d]efendant, given their familiarity with . . . [d]efendant on a separate stolen vehicle incident.

On August 29, 2022, a Hudson County grand jury returned a three-count indictment against defendant:  (1) second-degree resisting arrest, eluding, N.J.S.A. 2C:29-2(b); (2) third-degree receiving stolen property, N.J.S.A. 2C:20-7(a);  and (3) fourth-degree obstructing administration of law or other governmental function, N.J.S.A. 2C:29-1(a).

In November 2022, defendant was the victim of a hit and run driver.  He sustained serious injuries.

On June 27, 2023, defendant applied for PTI.[2]  Defendant supplemented his application with a letter from the Office of the Public Defender.  The letter stated there were "compelling reasons" to grant defendant PTI, including:  (1) he was of "young age and [had] very minor involvement with the criminal legal system"; (2) "almost two years ha[d] passed since th[e] alleged incident occurred" and a year since his arrest and "he [wa]s not alleged to have been involved in any criminal activity"; and (3) as a result of the November accident, "he [wa]s currently home-bound and require[d] assistance by his family to get

---

[2]  The assessment of a defendant's suitability for PTI is based on factors set forth in N.J.S.A. 2C:43-12(e) and Rule 3:28-4(b).

to and from the doctor's office" and "attend[ed] court virtually because he [wa]s unable to leave the home."

On July 7, 2023, defendant was notified that his application was deemed incomplete because he failed to obtain the prosecutor's consent under Rule 3:28-3(b)(1), as he was charged with a second-degree offense. The prosecutor consented to the application, but not admission.

On August 4, 2023, the Criminal Division Manager (CDM)[3] did not recommend defendant for PTI. The CDM considered N.J.S.A. 2C:43-12(e)(1)—defendant's motivation and age. It noted that "defendant expressed a newfound interest in living a law-abiding life following the severe injuries he sustained during a 'hit and run accident' in November." However, "defendant's criminal court history which include[d] receiving stolen property, specifically automobiles and then doing whatever necessary to avoid arrest . . . includ[ing] eluding and an open [f]ailure to [a]ppear in . . . [c]ourt" were "not in alignment with leading a law-abiding life."

In addition, the CDM considered N.J.S.A. 2C:43-12(e)(5)—"the existence of personal problems and traits which may be related to the applicant's crime."

---

[3] Under Rule 3:28-3(d), the CDM evaluates the application "and make[s] a recommendation to the prosecutor."

The CDM noted, "defendant acquired a behavior pattern [that] include[d] receiving stolen property"; he "acquired an offense that took place prior to his involvement with the present pending offense that is currently in [f]ailure to [a]ppear status and acquired an additional arrest following his involvement with the present pending offense where he was sentenced to two . . . years of probation"; "defendant stated he has used marijuana on a daily basis from age 17 to present and was under the influence of marijuana at the time of the offense"; and "committed this offense without being a licensed driver."

The CDM concluded that "defendant's repeated involvements, disregard for the law and substance use are all concerning personal problems and traits which may be related to the applicant's crime and may be beyond the scope of a program designed for minimal supervision such as PTI."

Further, the CDM considered N.J.S.A. 2C:43-12(e)(8)—"the extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior." The CDM stated "[t]he present pending offense is not an isolated incident." Instead, defendant had an "offense where . . . [he] pled guilty to misdemeanor level [r]eckless [e]ndangerment in New York and was sentenced to a two . . . year term of probation that is active . . . and one . . . [m]unicipal [l]evel [o]ffense for . . . taking an individual's vehicle without permission which

[wa]s currently in failure to appear status." The CDM added that defendant had "never been a licensed driver and/or authorized to drive any vehicle." The CDM concluded defendant's "crime constitutes a continuing pattern of anti-social behavior."

On September 20, 2023, the prosecutor stated it agreed with the CDM's recommendation to deny defendant enrollment into PTI. The prosecutor considered: (1) N.J.S.A. 2C:43-12(e)(1)—nature of the offense—and stated defendant tried "to avoid responsibility" and "placed many people directly in harm[']s way"; (2) N.J.S.A. 2C:43-12(e)(2), the facts of the case; (3) N.J.S.A. 2C:43-12(e)(7)—"the needs and interests of the victim and society"—and stated "the citizens of Hudson County deserve to feel comfortable and safe when they walk their city streets" and "[s]ociety has an interest in . . . holding people accountable for their actions"; (4) N.J.S.A. 2C:43-12(e)(8)—the "extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior"—and noted "[d]efendant's history of three incidents in such a short time span in October – November 2021, . . . constituted a continuing pattern of anti-social behavior"; and (5) N.J.S.A. 2C:43-12(e)(10)—"whether or not the crime is of an assaultive or violent nature, whether in the criminal act itself or in the possible injurious consequences of such behavior"—and stated "[e]ven

6

though no one was physically assaulted, . . . [d]efendant's actions were indeed violent as many people could easily have been injured and struck."

Defendant appealed the denial of his application. On October 26, 2023, the trial court heard the parties' oral arguments. On November 2, 2023, in a fourteen-page opinion and order, the court noted that because defendant was "facing a second-degree charge, there [wa]s a presumption against diversion." Nevertheless, the court recognized that when a "[d]efendant presents 'factual circumstances sufficiently extraordinary and unusual [the defendant can] overcome the presumption against PTI for second-degree offenses,'" citing State v. Roseman, 221 N.J. 611, 627 (2015). Indeed, "in this case [the court found] that . . . [d]efendant . . . presented 'something extraordinary or unusual' about his background," citing State v. Nwobu, 139 N.J. 236, 252-53 (1995). The court found "[d]efendant's background, having been the victim of a motor vehicular crime" was a "unique, unusual, and idiosyncratic experience," which allowed him to "overcome the presumption of no diversion."

Nonetheless, the court stated "the State's decision-making authority [wa]s not obviated by . . . [d]efendant's ability to overcome the presumption against PTI admission." Instead, "the [d]efendant's application 'must still be evaluated under the factors provided in N.J.S.A. 2C:43-12(e) to determine whether the

prosecutor's denial was a patent and gross abuse of discretion,'" citing State v. Wallace, 146 N.J. 576, 582 (1996).

The court reviewed the State's consideration of N.J.S.A. 2C:43-12(e)(1) "[t]he nature of the offense"; (2) "[t]he facts of the case"; (7) "[t]he needs and interests of the victim and society"; (8) "[t]he extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior"; (9) "[t]he applicant's record of criminal and penal violations and the extent to which he may present a substantial danger to others"; and (10) "[w]hether or not the crime is of an assaultive or violent nature, whether in the criminal act itself or in the possible injurious consequences of such behavior."

The court stated that "[w]hile the State did not recite all the factors in . . . [d]efendant's rejection letter, the State cited the more relevant factors." Moreover, the court noted the State's position "that although not all factors [we]re addressed in its rejection letter, all factors were included in its determination to reject . . . [d]efendant from PTI."

The court determined "there [wa]s nothing . . . that indicate[d] that the State improperly weighted [d]efendant's age." The court noted it "must 'presume that a prosecutor considered all the relevant factors, absent [a] demonstration by the defendant to the contrary," citing Wallace, 146 N.J. at 584. The court found

8

"[h]ere, there has been no showing to the contrary." Therefore, the court concluded it could "not find that there [wa]s clear and convincing evidence that the State committed a patent and gross abuse of discretion in rejecting . . . [d]efendant from PTI."

On January 26, 2024, defendant pled guilty "to count one as amended . . . to a fourth-degree resisting arrest in violation of N.J.S.A. 2C:29-2(a)(3)." The "balance of the indictment" and underlying complaint was dismissed.

During sentencing, the court found, "[g]iven the unique circumstances of this case in terms of the injuries sustained, the way he sustained the injury, [and] his compliance," it was not "necessary to impose a non-custodial probation period. Rather, th[e c]ourt f[ou]nd[] that the appropriate sentence . . . [wa]s time served, and the minimum mandatory fines."

Defendant filed an appeal of the denial of his PTI application. He raises the following arguments for our consideration:

> POINT I
>
> THIS COURT SHOULD REVERSE THE DENIAL OF [DEFENDANT]'S PTI APPLICATION, AND EITHER ADMIT HIM INTO PTI, OR REMAND FOR A FRESH LOOK.
>
> A. Hudson County improperly failed to weigh multiple relevant factors that supported admission into PTI.

1. Hudson County improperly failed to consider the age of a defendant under 26 as a mitigating factor warranting admission into PTI, in violation of N.J.S.A. 2C:43-12(e)(3) and N.J.S.A. 2C:44-1(b)(14).

2. Hudson County improperly failed to consider the defendant's disab[ility] as a mitigating factor warranting admission into PTI.

3. Hudson County improperly failed to consider the defendant's professed change in attitude as a mitigating factor warranting admission into PTI.

B. Hudson County incorrectly applied multiple presumptions.

1. Hudson County improperly failed to consider the presumption of innocence in its consideration of a pending municipal charge.

2. Hudson County improperly applied a presumption that a municipal adjudication in New York barred [defendant] from PTI.

3. Hudson County improperly found that [defendant] had not overcome a presumption of incarceration when it denied his PTI application.

Defendant argues "the prosecutor improperly failed to weigh multiple relevant factors that supported admission into PTI, including [defendant]'s post-

offense disablement; his positive change in attitude; and his young age at the time of the offense."

Defendant contends "his post-offense disablement was an important factor supporting his PTI application."  He argues "the upending of life circumstances . . . warranted 'leniency' and reduced the 'risk of him re-offending.'"  Defendant contends his post-offense condition implicates N.J.S.A. 2C:43-12(e)(3), (5), (7) (8), (11), and (17).

Defendant asserts that the prosecutor "made no mention whatsoever of [his] disability in its assessment of the relevant . . . factors" and "entirely failed to consider [his] serious injuries as a relevant factor . . . favoring admission."

Defendant states "[t]he trial court found as a fact . . . defendant's disability did reduce [his] risk of recidivism."[4]  Therefore, he argues the "court erred by finding no fault in the State's failure to even mention [his] disability as a relevant factor in the PTI decision."

Moreover, defendant contends "he specifically affirmed his commitment to changing his life."  Nonetheless, he argues the prosecutor "made no mention whatsoever of [his] change in attitude in its assessment of the relevant N.J.S.A.

---

[4]  At sentencing, the trial court stated:  "I don't know that he's in a position to engage in these sorts of crimes anymore, physically that is."

2C:43-12(e) factors." Defendant notes N.J.S.A. 2C:43-12(e)(3) specifically requires an assessment of his "motivation."

Defendant asserts "the trial court found no fault in the State's failure to mention that change in attitude in the PTI decision" but "at sentencing, the court found mitigating factor . . . N.J.S.A. 2C:44-1(b)(9), that the 'character and attitude of . . . defendant indicate that . . . defendant is unlikely to commit another offense.'" Defendant notes "[t]he court explained that [it] was finding [the] mitigating factor . . . because [defendant]'s post-offense behavior corroborated that his commitment to changing his life was genuine."

As to his age, defendant argues "[b]ecause the Legislature . . . codified" "[t]he motivation and age of the defendant," citing N.J.S.A. 2C:43-12(e)(3); the prosecutor committed "patent and gross abuse of discretion" in "fail[ing] to consider" his "young age as a relevant factor supporting admission into PTI." Defendant also relies on N.J.S.A. 2C:44-1(b)(14) for the proposition that "[i]n determining the appropriate sentence to be imposed on a person who has been convicted of an offense, the court may properly consider the following mitigating circumstance[]: [t]he defendant was under 26 years of age at the time of the commission of the offense."

Defendant argues that the CDM weighed N.J.S.A. 2C:43-12(e)(3) "against admission into PTI"—"[t]hus, the CDM did not consider [defendant]'s under-26 age as a factor warranting admission into PTI."  Moreover, defendant contends the prosecutor "omitted N.J.S.A. 2C:43-12(e)(3) . . . entirely from its analysis."

Further, defendant asserts "[t]he trial court erred by deferring to the prosecutor."  Defendant notes the trial court "held that 'there is nothing before this [c]ourt that indicates that the State improperly weighed [d]efendant's age . . . . And this [c]ourt must presume that a prosecutor considered all the relevant factors, absent [a] demonstration by the defendant to the contrary."  (Fourth alteration in the original).  However, defendant contends "[t]he prosecutor never stated that it had considered age to be a factor supporting admission into PTI."  Instead, defendant argues that in response to his assertion that "the prosecutor had erred by omitting his young age from the analysis . . . the prosecutor fleetingly responded that the State had considered young age."

In addition, defendant contends "the prosecutor incorrectly applied multiple presumptions against admission into PTI," including a presumption:  of guilt on the municipal court charge; that his "misdemeanor plea" in New York "barred [him] from PTI"; and of incarceration on "the second-degree eluding charge."

13

Defendant contends the prosecutor "improperly considered th[e] pending municipal court charge"—"without ever even acknowledging that [defendant] continue[d] to be entitled to a presumption of innocence"—as "part of a 'continuing pattern of anti-social behavior,' N.J.S.A. 2C:43-12(e)(8)." Further, he contends "the trial court found no error in the State considering [defendant]'s 'arrest' on a pending municipal charge as part of a 'pattern of anti-social behavior.'"

Defendant argues the "logic" of State v. K.S., 220 N.J. 190 (2015), applies equally in this matter. He asserts the Supreme Court held that a prosecutor could only properly consider "facts . . . not in dispute," citing id. at 198-99. Therefore, he contends "where [a] municipal charge was not proven and remain[ed] disputed," "[t]he presumption of innocence continue[d] to apply" and his "pending municipal charge should not have been used to conclude there was a 'continuing pattern of anti-social behavior.'" Thus, he asserts "[t]he State's consideration of [his] arrest for a pending municipal charge as a basis for rejecting him from PTI, without any reference to the presumption of innocence, was inappropriate."

As to his misdemeanor plea in New York, defendant notes the prosecutor relied on the public policy stated in the statute. The statute provides "[i]t is the

policy of the State of New Jersey that supervisory treatment should ordinarily be limited to persons who have not previously been convicted of any criminal offense under the laws of . . . any other state."

However, defendant argues "the out-of-state misdemeanor does not trigger the statutory presumption against PTI." Defendant relies on N.J.S.A. 2C:1-4, that provides "[d]isorderly persons offenses and petty disorderly persons offenses are petty offenses and are not crimes within the meaning of the Constitution of this State." Defendant contends his "plea to a misdemeanor in New York is the out-of-state equivalent of a disorderly persons offense, and hence is not a 'criminal offense' within the meaning of N.J.S.A. 2C:43-12(a)."

The State counters that "[b]ecause defendant . . . failed to meet his burden of proof establishing that the State abused its discretion in rejecting PTI, [we] should affirm the [trial court]'s order denying defendant's PTI appeal."

The State notes "[d]efendant cites no authority for the proposition that not mentioning which factors were considered equates to not considering them." Further, it asserts "precedent holds that the correct standard of review compels the assumption that, 'absent evidence to the contrary, . . . the prosecutor's office has considered all relevant factors in reaching the PTI decision,'" citing Nwobu, 139 N.J. at 249.

15

Further, the State contends "[d]efendant . . . fails to show [it] considered inappropriate or irrelevant factors."  Instead, the State argues it "properly considered the New York case with the instant case because the underlying incidents occurred a mere two weeks apart, . . . and because 'the consideration of a pattern of anti-social behavior permits consideration of a wide[] range of conduct,'" citing State v. Negran, 178 N.J. 73, 84-85 (2003) (alteration in original).  Further, "because PTI should ordinarily be limited to defendants not previously convicted of 'any criminal offense under the laws of New Jersey, or under any criminal law of the United States, or any other state,'" citing N.J.S.A. 2C:43-12(a), the State properly "conclude[d] here that reckless endangerment, a criminal offense under the laws of New York, was a factor against PTI."

In addition, the State distinguishes K.S., where the Court "rejected the use of [a] defendant's dismissed charges as a consideration against PTI" because "here, defendant's [m]unicipal [c]ourt case was remanded and an arrest warrant was issued after defendant failed to appear."

Further, the State contends "[d]efendant misconstrues the goal of PTI by improperly analogizing this prosecutorial function to a sentencing court's function."  It asserts "[t]he differing aims of N.J.S.A. 2C:43-12 and N.J.S.A.

16

2C:44-1 also militate against treating the PTI function like the sentencing function."

Our analysis starts with well-established law. "We must apply the same standard as the trial court. . . . [W]e review the . . . prosecutor's decision de novo." State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015).

"PTI decisions are 'a quintessential[] prosecutorial function,' [therefore] our review of a prosecutor's denial of a PTI application is 'severely limited.'" State v. E.R., 471 N.J. Super. 234, 244-45 (App. Div. 2022) (first quoting Wallace, 146 N.J. at 582; and then quoting Negran, 178 N.J. at 82). Prosecutors are afforded "broad discretion to determine if a defendant should be diverted." Id. at 245 (quoting K.S., 220 N.J. at 199). Indeed, "[a] reviewing court must assume, absent evidence to the contrary, that the prosecutor's office has considered all relevant factors in reaching the PTI decision. This presumption makes it very difficult to reverse a prosecutor's decision on that basis." Nwobu, 139 N.J. at 249. A "[d]efendant generally has a heavy burden when seeking to overcome a prosecutorial denial of his [or her] admission into PTI." State v. Watkins, 193 N.J. 507, 520 (2008).

Nevertheless, when "a 'reviewing court determines that the prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion . . . the

reviewing court may remand to the prosecutor for further consideration.'" E.R., 471 N.J. Super. at 245 (quoting K.S., 220 N.J. at 200). Alternatively,

> a reviewing court may overturn a prosecutor's rejection of PTI when a defendant "clearly and convincingly establish[es] that the prosecutor's decision constitutes a patent and gross abuse of discretion." Watkins, 193 N.J. at 520 (citation omitted). A patent and gross abuse of discretion occurs when "the [PTI] denial: '(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment.'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (quoting State v. Bender, 80 N.J. 84, 93 (1979)).
>
> [Ibid.]

In this second scenario, a defendant must show "that the prosecutorial error complained of . . . clearly subvert[ed] the goals underlying [PTI]." Id. at 246 (quoting Roseman, 221 N.J. at 625). A defendant can only satisfy "this heightened standard upon establishing not only an abuse of discretion, but also that the prosecutor's decision 'ha[d] gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention.'" Ibid. (quoting Watkins, 193 N.J. at 520). If "a defendant can make that showing, a [reviewing] court may admit a defendant, by order, into PTI over the prosecutor's objection." Ibid. (alteration in original) (quoting Roseman, 221 N.J. at 625).

18

Against this well-established law, we are convinced defendant failed to establish the prosecutor's denial of defendant's application for PTI was an abuse of discretion. Defendant has failed to rebut the presumption the prosecutor considered the statutory factors. Indeed, the record reflects the prosecutor fully explained the more pertinent factors. Recognizing our severely limited role, we discern no reason to disturb the prosecutor's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division